UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

VINCENT DOLAN,

            Plaintiff,

    - against -

DR. RICHARDS, DR. HASAN,
PRISONER HEALTH SERVICES,

           Defendants.

------------------------------------------------------- X

**OPINION AND ORDER**

10 Civ. 5809 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

Vincent Dolan, proceeding pro se, filed this action pursuant to section 1983 of Title 42 of the United States Code ("section 1983") against Dr. Richard,[1] Dr. Hasan, and Prisoner Health Services, Inc. ("PHS")[2] alleging violations of his constitutional rights. Defendants now move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, for summary judgment pursuant to Rule 56. For the reasons set forth below, defendants' motion for summary judgment is granted. This case is

---

[1]    The Complaint refers to Dr. Jean Richard as "Dr. Richards." *See* Compl. § III.

[2]    Plaintiff refers to Prison Health Services, Inc. as "Prisoner Health Services."

dismissed in its entirety.

## II. BACKGROUND

Dolan is currently an inmate confined at Bare Hill Correctional Facility who suffers from malignant bladder cancer and experiences chronic pain from his condition.[3] Initially, Dolan was confined at Rikers Correctional Facility ("Rikers") from April 19, 2010 to June 14, 2010.[4] During that time, Dolan was prescribed morphine sulfate to be administered every twelve hours.[5] Dolan received the medication regularly.[6] Upon completion of his sentence on June 14, 2010, Dolan was considered a "turn around:" because other criminal charges were pending against him, he was not permitted to leave Rikers.[7] Dolan was readmitted to Rikers on June 15, 2010.[8] From June 15, 2010 to June 29, 2010, Dolan was housed in the Anna M. Kross Center ("AMKC") to await sentencing.[9] On June 16, 2010, a

---

[3] See Compl. § IV.

[4] See 11/17/10 Declaration of Gillian C. Thomas, Defendants' Counsel ("Thomas Decl.") ¶ 2.

[5] See id. ¶ 3.

[6] See id.

[7] See id. ¶ 4. See also Compl. § IV.

[8] See Thomas Decl. ¶ 5.

[9] See id. ¶ 7. See also 11/16/10 Affidavit of Jean Richard, M.D. ("Richard Aff."), Ex. to Defendants' Notice of Motion ("Def. Motion") at 17 ¶ 7.

prescription was issued for morphine sulfate to be administered to Dolan every twelve hours for five days.[10] On June 21, 2010, a renewal of morphine sulfate was "inadvertently discontinued and reinstated."[11] On June 23, 2010, it was discovered that "due to administrative error, the prescriptions were not processed to the pharmacy."[12] It is not clear exactly when Dolan's receipt of the medication was interrupted.[13] In any event, Dolan began receiving the medication twice each day on June 23, 2010, until he left Rikers on June 29, 2010.[14]

Dr. Richard is the Site Medical Director of the AMKC Clinic.[15] As such, Dr. Richard generally does not provide direct care to inmates, but supervises the physicians who do.[16] Dr. Hasan is a physician at the AMKC Clinic.[17] Dolan claims that Dr. Richard and Dr. Hasan "failed to give [him his] proper medication

---

[10] *See* Thomas Decl. ¶ 17.

[11] Richard Aff. ¶ 9.

[12] *Id. See also* Thomas Decl. ¶ 18.

[13] Dolan signed the Complaint on June 23, 2010, but states he delivered it to prison authorities for mailing on June 21, 2010. *See* Compl. § IV.

[14] *See* Thomas Decl. ¶ 19; Richard Aff. ¶ 10; Pharmacy Distribution Report, Ex. to Def. Motion at 24.

[15] *See* Thomas Decl. ¶ 9.

[16] *See id.* ¶¶ 11-12.

[17] *See id.* ¶ 13.

3

for [his] pain which clearly violates [his] 8th Admedment [sic] right."[18]  Dolan does not, however, submit any evidence showing that either doctor was directly involved in his treatment, or that either doctor intentionally failed to deliver his morphine.[19]  He merely concludes that Dr. Richard and Dr. Hasan "[were] both aware" that he received morphine sulfate[20] and that he "will prove that Dr. Richards [was] infact directily [sic] involved in the Plaintiff['s] Medical care."[21]  Additionally, Dolan seeks damages from PHS, a corporation with which the City of New York contracted to provide medical care to inmates at Rikers.[22]  Dolan states that he "will prove that [PHS was] infact responsable [sic] for [his] failure to receive his proper med[ications . . . because PHS] supervises the Doctor's [sic] on Rikers . . . "[23]  Dolan seeks a compensatory award of "$500,000 for cruel and inhumane punishment, [denial] of proper medication and also violati[on of his] 8th

---

[18]  Compl. § IV.

[19]  *See* Defendants' Memorandum of Law in Support of Dismissal ("Def. Mem.") at 3.

[20]  Compl. § V.

[21]  Plaintiff's Response to Defendants' Motion to Dismiss ("Pl. Resp.") at 1.

[22]  *See* Thomas Decl. ¶ 8.

[23]  *Id.* at 3 ¶¶ 1-2.

Amendment rights."[24]

Defendants move to dismiss the Complaint on the following grounds: (1) plaintiff has failed to state a plausible claim; (2) plaintiff has failed to show that Dr. Richard and Dr. Hasan were directly involved in Dolan's treatment or that they exhibited deliberate indifference toward Dolan in violation of the Eighth Amendment; (3) PHS cannot be held liable on the basis of respondeat superior; and (4) defendants are shielded from suit by qualified immunity.[25]

## III. LEGAL STANDARDS

### A. Summary Judgment Standard[26]

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

---

[24] Compl. § V.

[25] *See* Def. Mem. at 5-15.

[26] On November 19, 2010, the Court issued an Order notifying all parties that defendants had moved to dismiss and, in the alternative, for summary judgment. The Order directed plaintiff to file opposition papers by December 17, 2010, and directed defendants to file reply papers, if any, by December 31, 2010. In that Order, the Court referenced and attached its standard Notice for Pro Se Litigants Regarding Opposition to a Summary Judgment Motion which states: "any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial." Despite receipt of this Order and Notice, Dolan failed to file any meaningful response.

5

to any material fact and that the movant is entitled to judgment as a matter of law."[27] "'An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law.'"[28] "[T]he burden of demonstrating that no material fact exists lies with the moving party . . ."[29] "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim."[30]

To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact.[31] The non-moving party must do more than show that there is "'some metaphysical doubt as to the material facts,'"[32] and it

---

[27] Fed. R. Civ. P. 56(c).

[28] *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 34 (2d Cir. 2008)).

[29] *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)).

[30] *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

[31] *See id.*

[32] *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

"'may not rely on conclusory allegations or unsubstantiated speculation.'"[33] However, "'all that is required [from a non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[34]

In determining whether a genuine issue of material fact exists, the court must "constru[e] the evidence in the light most favorable to the non-moving party and draw all reasonable inferences" in that party's favor.[35] However, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.'"[36] "'Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[37] Summary judgment is therefore

---

[33] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

[34] *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

[35] *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing *Anderson*, 477 U.S. at 247-50, 255).

[36] *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 65 (2d Cir. 1997)).

[37] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)).

"appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[38]

### B. Section 1983

Section 1983 states, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .[39]

Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere."[40] "The purpose of [section]1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to

---

[38] *Pyke v. Cuomo*, 567 F.3d 74, 76 (2d Cir. 2009).

[39] 42 U.S.C. § 1983.

[40] *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). *Accord Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("'[O]ne cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything.'") (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)).

victims if such deterrence fails."[41] In order to state a claim under section 1983, a plaintiff must show that the conduct complained of was committed by a person or entity acting under color of state law, and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution.[42] Furthermore, imposition of liability under section 1983 requires a defendant's direct involvement in the alleged constitutional violation.[43]

### C. Eighth Amendment Right to be Free from Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners.[44] The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."[45] "Prison

---

[41] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

[42] *See Palmieri v. Lynch*, 932 F.3d 73, 78 (2d Cir. 2004) (citation omitted).

[43] *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

[44] *See* U.S. Const. amend. VIII.

[45] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). *Accord Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("To violate the Cruel and Unusual Punishments Clause, a prison

officials have a duty to provide prisoners with the 'reasonable necessary medical care which would be available to him or her . . . if not incarcerated.'"[46] However, a prison cannot be required to meet the same standard of medical care found in outside hospitals.[47]

The Cruel and Unusual Punishment Clause embodies both an objective and subjective prong.[48] "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind."[49] "Because the Eighth Amendment is not a vehicle for medical malpractice claims, nor a substitute for state tort law, not every lapse in prison

---

official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . " (quotation marks and citations omitted)).

[46] *Calenderia v. Coughlin*, No. 91 Civ. 2978, 1996 WL 88555, at *7 (S.D.N.Y. Mar. 1, 1996) (quoting *Langley v. Coughlin,* 888 F.2d 252, 254 (2d Cir. 1989)).

[47] See *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir. 1984) ("We have no doubt that the same standards of medical care cannot be imposed upon a prison as are presumed to be realized at a hospital.").

[48] See *Morrison v. Mamis,* No. 08 Civ. 4302, 2008 WL 5451639, at *5 (S.D.N.Y. Dec. 18, 2008).

[49] *Smith v. Carpenter,* 316 F.3d 178, 183-84 (2d Cir. 2003) (quoting *Estelle*, 429 U.S. at 104)).

medical care will rise to the level of a constitutional violation."[50] The deliberate indifference standard is therefore a high one, and will generally not be met by mere complaints of negligence or allegations of medical malpractice.[51] "[W]hen a prisoner asserts that delay in his treatment constitutes deliberate indifference on the part of a healthcare provider, the Court looks to the severity of the consequences brought about by the alleged delay."[52]

### D. Qualified Immunity

Government officials performing discretionary functions are generally granted qualified immunity and are immune from suit provided that "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[53] The Second Circuit has held that "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the

---

[50] *Id.* (citing *Estelle*, 429 U.S. at 105-06).

[51] *See Estelle,* 429 U.S. at 106. *See also Hemmings v. Gorczyk,* 134 F.3d 104, 108 (2d Cir 1998) ("The required state of mind, equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (citations omitted)).

[52] *Pabon v. Goord,* No. 99 Civ. 5869, 2004 WL 1787268, at *11 (S.D.N.Y. Mar. 28, 2003) (citation omitted).

[53] *Luna v. Pico,* 356 F.3d 481, 490 (2d Cir. 2004) (quoting *Wilson v. Layne,* 526 U.S. 603, 614 (1999)).

Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful."[54] "Thus government officials are entitled to qualified immunity at the dismissal stage only where it appears on the face of a plaintiff's complaint that they did not violate clearly established rights of which they should have known."[55]

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Reading the Complaint liberally,[56] the individual defendants have been sued in both their official and individual capacities. Because the Eleventh Amendment bars claims against state employees sued in their official capacities,[57] Dolan's claim against the individual defendants in their official capacities must be dismissed.

---

[54] *Id.* (quotation marks and citation omitted).

[55] *Percinthe v. Julien,* No. 08 Civ. 893, 2008 WL 4489777, at *3 (S.D.N.Y. Oct. 4, 2008).

[56] *See, e.g., Baldwin County Welcome Ctr. v. Brown,* 446 U.S. 147, 164 (1984) ("[P]ro se pleadings are to be given a liberal construction.").

[57] *See Kentucky v. Graham,* 473 U.S. 159, 169 (1985) (The Eleventh Amendment immunity barring suits against a State "remains in effect when State officials are sued for damages in their official capacity"). *Accord Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under [section] 1983").

**B.    Section 1983 Claim of Deliberate Indifference Against Dr. Richard and Dr. Hasan in Their Individual Capacities**

In order to prevail on his section 1983 claim for violation of his Eighth Amendment right, Dolan must show that Dr. Richard and Dr. Hasan were directly involved in an alleged violation of his constitutional rights. Dolan has not shown their direct involvement in either his treatment or his failure to receive adequate medication.[58] Assuming, arguendo, that they were involved in Dolan's treatment, he has failed to adequately establish their deliberate indifference to his serious medical needs.

Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed."[59] In order to establish liability as to Dr. Richard and Dr. Hasan, Dolan must satisfy both the objective and subjective prongs of the deliberate indifference standard.

Assuming that Dolan experienced a sufficiently serious deprivation under the objective prong, based on the pain he experienced as a result of failing to receive pain relieving medication, he still fails to establish that Dr. Richard and Dr. Hasan acted with a "sufficiently culpable state of mind" to satisfy the subjective

---

[58]    *See* Thomas Decl. at 6; Richard Aff. ¶ 5; 11/6/10 Affidavit of Azmat Hasan, M.D. ("Hasan Aff."), Ex. to Def. Motion at 20 ¶ 5.

[59]    *Estelle,* 429 U.S. at 104.

13

prong – *i.e.*, deliberate indifference. Dolan merely concludes that Dr. Richard and Dr. Hasan were "aware" that he received morphine, but fails to establish their personal involvement in his treatment or in the interruption of that treatment.[60] In their affidavits, defendants state that there was an inadvertent administrative error in processing the June 21, 2010 prescription.[61] "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind'" as proscribed by the Eighth Amendment.[62] Additionally, as soon as the error became known, the prescription was correctly processed and Dolan began receiving his medication.[63] Dolan's conclusory allegations that Dr. Richard and Dr. Hasan were responsible for the interruption in his morphine prescription is not a sufficient basis for a deliberate indifference claim under the Eighth Amendment. As a result, the claims against Dr.

---

[60] Compl. § IV; *see also* Def. Mem. at 11.

[61] *See* Richard Aff. ¶ 9; Thomas Decl. ¶ 18.

[62] *Estelle*, 429 U.S. at 105. *Accord Bilal v. New York State Dep't of Corr.*, No. 09 Civ. 843, 2010 WL 2506988 at *11 (S.D.N.Y. June 21, 2010) ("Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [such classification is generally reserved] for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition [ . . . ]; or delayed major surgery for over two years.") .

[63] *See* Richard Aff. ¶ 9.

Richard and Dr. Hasan are dismissed.[64]

### C. 1983 Claim Against Prison Health Services

Dolan also alleges that PHS is responsible for his failure to receive the proper medication because it supervises the medical staff at Rikers.[65] It is well established, though, that there is no place for respondeat superior liability against a municipality in a section 1983 action.[66] Relying on the reasoning of *Monell*, courts have extended this bar on vicarious liability to private entities contracted by municipalities to provide medical care to inmates.[67] Plaintiff has failed to offer any

---

[64] Qualified immunity serves as an alternative ground to dismiss Dolan's claims against Dr. Richard and Dr. Hasan, who did not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Alster v. Goord*, No. 05 Civ. 10883, 2010 WL 3835081, at *18 (S.D.N.Y. Sept. 10, 2010). Because the disruption in plaintiff's medication was due to an inadvertent administrative error which was corrected as soon as it was realized, neither defendant violated a clearly established right. They are therefore shielded from this suit by qualified immunity.

[65] *See* Pl. Resp. at 3.

[66] *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).

[67] *See Temple v. Albert*, 719 F. Supp. 265, 269 (S.D.N.Y. 1989) (stating that neither the Supreme Court nor the Second Circuit have directly addressed the issue of whether a private entity can be held liable under section 1983 on a respondeat superior theory, but that numerous other courts have relied on *Monell* to find that there is no tenable reason to distinguish a private entity hired by a municipality from the municipality itself).

other evidence of PHS's involvement in the alleged constitutional violation.[68] Accordingly, the claim against PHS is dismissed.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiff's Complaint is dismissed in its entirety. The Clerk of Court is directed to close this motion (Docket # 9) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 25, 2011

---

[68] *See* Pl. Resp. at 3.

16

## - Appearances -

**Plaintiff (Pro Se):**

Vincent Dolan
# 07-A-5865
Bare Hill Correctional Facility
181 Brand Road
Caller Box # 20
Malone, New York 12953-0020

**For Defendants**:

Gillian C. Thomas, Esq.
Hiedell, Pittoni Murphy & Bach LLP
99 Park Avenue
New York, New York 10016
(212) 286-8585